UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY SUE MACGREGOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No.  2:21-cv-00021-CKD<br><br><br>ORDER |

Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $33,933.68 for 26.6 hours of professional time devoted to the representation of plaintiff before this court.  ECF Nos. 22 & 23.  Counsel concedes that this amount should be offset in the amount of $6,127.37 for fees previously awarded under EAJA.  See ECF No. 21.  Defendant has not filed an opposition or otherwise responded to the motion.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of

1

the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

Counsel seeks fees for 26.6 hours.  The Court has considered the character of counsel's representation and the good results achieved by counsel, which included an award of benefits based on a disability onset date of October 1, 2016.  ECF No. 24-1 at 7-13.  Counsel submitted a detailed billing statement that supports the request.  ECF No. 24-1 at 5.  There is no indication that a reduction of the award is warranted due to any substandard performance by plaintiff's counsel, as counsel secured a successful result.  There is also no evidence that plaintiff's counsel engaged in any dilatory conduct resulting in delay.

Based on the quality of counsel's representation and the results achieved in this case, the undersigned finds the number of hours expended to be reasonable.  Accordingly, the undersigned will award the amount of attorney fees requested.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees (ECF No. 22) is GRANTED; and
2. Plaintiff's counsel is awarded $33,933.68 in attorney fees pursuant to 28 U.S.C. § 406(b).  Upon payment of the fees sought herein, counsel shall refund plaintiff the amount of $6,127.37 previously awarded under EAJA.

Dated:  June 17, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/macgreg0021.fee.406(a)